# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

M. M.

v.

Chesapeake City
School Board

June 23, 2000

Case No. (Chancery) 99-676

BY JUDGE FREDERICK H. CREEKMORE

This case involves an appeal of a decision of the Chesapeake School Board concerning the Board's decision to expel M. Plaintiff asks the court to vacate the decision of the School Board, while defendant claims that the Board's action was proper enough under law to require the Court to decline that action.

Since this is an appeal of an administrative decision, it is important to set forth the guidelines and standard this Court is bound by. This Court is not entitled to hear the matter *de novo*, where it may determine matters of material facts. The Court is bound by the facts presented to it in the record of the previous proceedings. *See County Sch. Bd. of Spotsylvania County v. McConnell*, 215 Va. 603, 212 S.E.2d 264 (1975).

The standard of review for a circuit court, on an appeal of a decision by a school board is governed by the Virginia Code. Va. Code § 22.1-87 states:

> Any parent, custodian, or legal guardian of a pupil attending the public schools in a school division who is aggrieved by an action of the school board may, within thirty days after such action, petition the circuit court having jurisdiction in the school division to review the action of the school board. Such review shall proceed upon the

petition, the minutes of the meeting at which the school board's action was taken, the orders, if any, of the school board, an attested copy of the transcript, if any, of any hearing before the school board, and any other evidence found relevant to the issues on appeal by the court. The action of the school board shall be sustained unless the school board exceeded its authority, acted arbitrarily or capriciously, or abused its discretion.

As the Code clearly states, repeated since it is critical in the analysis, a circuit court must sustain the school board's action unless it "exceeded its authority, acted arbitrarily or capriciously, or abused its discretion." Va. Code § 22.1-87. Thus, this Court is mandated to review the record on that basis. The Court does not, and by statute cannot, review the merits of the decision of the School Board's decision. The Court can not substitute its own view of the merits of the decision in question, it can only review the decision to see if there was a rational and factual basis for the decision to be made. See *County Sch. Bd. of Spotsylvania County v. McConnell*, 215 Va. 603, 212 S.E.2d 264 (1975). Even if the Court disagrees with the decision reached by the School Board, it cannot overturn the board's decision if the board gave fair consideration and debate to the issue. See *Fishel v. Frederick County Sch. Bd.*, 11 Va. Cir. 283 (1988).

The record below indicates that there was some evidence that M. had made multiple threats of violence. An initial bomb threat made to other students was reported to a school counselor, who then admonished M. to make no further statements in that regard. A note threatening a bomb was discovered, and students came forth to report that M. had told them he had written the note. M. admitted he told students he wrote the note but claimed he did not in fact write the note. Finally, many students came forth to report that M. told them that he set off a bomb in a school bathroom and planned to detonate a bomb in the school gym.

The Court notes that while these facts were disputed by the plaintiff, the Court is unable to make a determination as to the truth of these facts. The School Board accepted these facts as true, and this Court is bound to accept these facts and evaluate the decision of the School Board based on these facts. *County Sch. Bd. of Spotsylvania County v. McConnell*, 215 Va. 603, 212 S.E.2d 264 (1975). That is, given these facts, was the decision of the School Board arbitrary, capricious, or contrary to law.

As one can expect, "[m]aking bomb threats is a sufficient cause of expulsion." *Woods v. Winchester Sch. Bd.*, 49 Va. Cir. 330 (Winchester, 1999). Threats of violence are so significant to the integrity of the mission of

education, school boards may even discipline students for acts relating to violence conducted off school property. *Walker v. Sch. Bd. of Fairfax*, No. 1319112 (Fairfax Cir. Ct., April 24, 1995). Therefore, this Court can make no other conclusion other than to hold the school board did not act contrary to law.

The Court is also bound to accept that mandatory expulsion, the "zero-tolerance" policy M. was expelled under, is not arbitrary or capricious. Mandatory sentences for certain criminal offenses is a staple of the laws of the Commonwealth. A school board that adopts mandatory discipline actions based upon certain offenses is likewise not acting in an arbitrary or capricious manner. The Virginia Supreme Court upheld this line of reasoning when it overturned a challenge to a school board's rule of mandatory suspension for bringing weapons to school. *See Wood v. Henry County Public Schools*, 255 Va. 85 (1988).

Finally, plaintiff challenges the actions of the School Board based upon a claim of denial of due process. The law demands, in regard to student due process rights in discipline actions, only that the student and his parents be afforded an opportunity to present their arguments and be heard. *Wood v. Henry County Public Schools*, 255 Va. 85 (1988); *see also Broussard v. School Bd.*, 801 F. Supp. 1526 (E.D. Va. 1992) (rejecting due process claim since student had an opportunity to be heard). In the present action, the plaintiff did indeed have a full opportunity to present their arguments to the School Board. The plaintiff did so; however, the School Board rejected those arguments when making its determination. Accordingly, this Court must hold M.'s due process rights were not violated.

Having found that the actions of the School Board were not arbitrary, capricious, or contrary to law and that the due process claims of the plaintiff have not been established, this Court must deny the plaintiff's appeal. The Court finds in favor of the School Board.